Entered: August 29th, 2019
Signed: August 29th, 2019



**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| Fred Yen Ming Chu and | * | Case No. 18-20703-LSS |
| Meiyu Anna Chu, | * | Chapter 7 |
| Debtors. | * | |
| | * | |
| *   *   *   *   *   * | * | *   *   *   *   *   * |
| Fu Quan Li, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adv. No. 18-00401 |
| | * | |
| Fred Yen Ming Chu and | * | |
| Meiyu Anna Chu, | * | |
| Defendants. | * | |
| | * | |

## **MEMORANDUM OPINION ON MOTION TO RECONSIDER**

Before the Court is the Motion to Reconsider Motion for Summary Judgment or for Alternative Relief [Dkt. No. 37] (the "Motion to Reconsider"), filed by Plaintiff, Fu Quan Li. In the Motion to Reconsider, Plaintiff argues that the Court made an error of law in denying his Motion for Summary Judgment [Dkt. No. 14]. For the reasons that follow, the Court disagrees with Plaintiff's assertion that it made an error of law in denying the Motion for Summary Judgment and concludes that it should deny the Motion to Reconsider.

This Court has jurisdiction to hear this matter, pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52, made applicable to this adversary proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. To the extent appropriate, the following findings of fact shall be deemed conclusions of law and *vice versa*.

### **Background**

On December 10, 2009, Plaintiff filed a Complaint for Monetary Damages (the "State Court Complaint") against Defendants in the Circuit Court for Montgomery County, Maryland (the "State Court Action"). In the State Court Complaint, Plaintiff alleged that between 1999 and 2007, Plaintiff developed a close personal and professional relationship with Mr. Chu. Plaintiff further alleged that, in 2008, Ms. Chu requested that Plaintiff loan money to Mr. Chu for his business of selling and brokering precious metals from Tanzania to China. Plaintiff alleged that Ms. Chu assured Plaintiff that Mr. and Ms. Chu would repay any loans. Plaintiff then describes a series of three loans totaling $68,000.00, of which $3,000.00 was repaid. Based thereon, Plaintiff asserted five causes of action against Defendants: deceit/fraudulent inducement

(common law fraud), breach of confidential and fiduciary relationship, and three counts for breach of contract.

On August 24, 2010, the state court entered sanctions against Mr. and Ms. Chu based on their failure to properly participate in discovery. As part of the sanctions, the Court prohibited Mr. and Ms. Chu from admitting evidence they failed to produce in response to Mr. Li's discovery requests. On November 5, 2010, the Court declared Mr. and Ms. Chu in default and set a hearing on damages. On January 3, 2011, the Court entered Judgment in favor of Mr. Li for breach of contract, awarded compensatory damages in the amount of $81,800.00, and denied Plaintiff's request for punitive damages and attorney fees. At the hearing on damages, the following exchange between Plaintiff's Counsel and the state court judge took place:

THE COURT: 81,800?

MR. BELCHER: Yes. And then the attorney's fees.

THE COURT: I'm not going to award attorney's fees. The court will enter a judgment in favor of the plaintiff in the amount of $81,800 on the breach of contract.

MR. CHU: Your Honor?

THE COURT: No, sir.

MR. BELCHER: Your Honor, as far as --

THE COURT: You can file --

MR. BELCHER: I'm sorry to interrupt, Judge. We also ask for fraud. I heard what you said.

THE COURT: I understand that. The court is entering judgment in the amount of $81,800.

MR. BELCHER: So there will be no separate hearing on the punitive damages or –

THE COURT: No, sir. The court will stand in recess.

THE BAILIFF: All rise.

Transcript of Proceedings, January 3, 2011, Defendant's Exhibit 7, Dkt. No. 15-7.  The next day, the state court entered its Judgment and Order in favor of Plaintiff (the "Judgment"), which read, in relevant part, as follows:

> ORDERED, that judgment on the complaint shall be, and hereby is, entered in favor of plaintiff against each defendant, namely Yen-Mind Chu a/k/a Fred Chu, and Mei-Yu Mu a/k/a Mei-Yu Chu a/k/a Anna Chu, jointly and severally, in the amount of $81,800.00 for compensation damages;

Judgment and Order, Plaintiff's Exhibit 13, Dkt. No. 14-14.  The Judgment further provided that Plaintiff's requests for attorney fees and punitive damages were denied.  *Id.*

On August 13, 2018, Defendants filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the District of Maryland.  *See* Case No. 18-20703-LSS, Dkt. No. 1.  On October 25, 2018, Plaintiff initiated this adversary proceeding requesting that the Court declare the Judgment nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).

On May 16, 2019, Plaintiff filed his Motion for Summary Judgment, arguing that the Judgment percussively established Defendant's fraud.  On May 30, 2019, Defendants filed a Response [Dkt. No. 15] to the Motion for Summary Judgment.  Defendants argue that whether the state court entered the Judgment on Plaintiff's fraud cause of action or his breach of contract cause of action was a genuine issue of fact for trial.  On June 19, 2019, the Court held a hearing on the Motion for Summary Judgment and Response.  At the conclusion of the hearing, the Court issued an oral ruling denying the Motion for Summary Judgment.  In its oral ruling, the Court held that the Judgment had no preclusive effect on the determination of nondischargeability under 11 U.S.C. §§ 523(a)(2)(A) or (a)(4).  The Court further held that the Judgment had no collateral estoppel effect on the issues of fraud or breach of fiduciary duty.  On June 21, 2019, the Court entered an Order Denying Motion for Summary Judgment [Dkt. No. 28].

4

On July 17, 2019, Plaintiff filed the Motion to Reconsider.  In the Motion to Reconsider, Plaintiff argues that the Court erred in deciding the Motion for Summary Judgment on collateral estoppel grounds, when Plaintiff had rested "his motion for summary judgment on *res judicata*." Alternatively, Plaintiff requests that the Court deem all factual allegations set forth in the State Court Complaint admitted for the purposes of this adversary proceeding.  On July 18, 2019, prior to the first day of trial in this adversary proceeding, the Court announced that it would be taking the Motion to Reconsider under advisement and that Defendant need not file a response.

## **Conclusions of Law**

### *I.    Reconsideration Standard.*

Parties may move for reconsideration of a Court order under Fed. R. Civ. P. 59, made applicable herein by Fed. R. Bankr. P. 9023.  Fed. R. Civ. P. 59, provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).  Parties may also seek relief from a court order under Fed. R. Civ. P. 60, made applicable herein by Fed. R. Bankr. P. 9024.  Fed. R. Civ. P. 60 provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

5

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Fourth Circuit has held that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th 1998) (citation omitted). The Fourth Circuit recognizes the following three grounds for granting motions to reconsider: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* A motion to reconsider is not an appropriate means of raising arguments or presenting evidence that could have been raised or presented prior to the court's entry of the order. *Id.*

## II.    *Preclusive Effect of the Judgment.*

Plaintiff argues that the Court made a clear error of law in not giving the Judgment proper preclusive effect.  Specifically, Plaintiff argues that the Judgment is *res judicata* on his claims for nondischargeability under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).  The doctrine of claim preclusion, traditionally termed *res judicata*, provides that "a prior judgment between the same parties and their privies is a final bar to any other suit by or against any of them upon the same cause of action."  *Kutzik v. Young*, 730 F.2d 149, 151 (4th Cir. 1984) (*quoting Roberts v. Gates*, 330 A.2d 705, 709 (Md. App. 1975)).  Where, as here, a claimant liquidated their claim in state court prior to the petition date, claim preclusion applies in bankruptcy proceedings to conclusively establish the existence, amount, and validity of the claim.  *In re Crespin*, 551 B.R. 886, 897 (Bankr. D.N.M. 2016) ("A state court judgment is entitled to claim preclusion effect to

6

establish the existence and amount of the debt in a dischargeability proceeding."); *In re Wisell*, 494 B.R. 23, 29 (Bankr. E.D.N.Y. 2011) ("[Claim preclusion] is applicable in establishing the existence of the debt."). However, that is the extent of the applicability of claim preclusion in dischargeability proceedings. A cause of action under state law is a different "cause of action" than the cause of action under 11 U.S.C. § 523 for nondischargeability. *In re Ansari*, 113 F.3d 17, 23 (4th Cir. 1997). Additionally, determinations of nondischargeability are within the exclusive jurisdiction of the bankruptcy court. *Matter of Pigge*, 539 F.2d 369, 371 (4th Cir. 1976); *In re Reinheimer*, 509 B.R. 12, 14 (Bankr. D. Md. 2014) ("The bankruptcy court has exclusive jurisdiction in determining actions brought pursuant to Section 523(a)(2).").

However, the doctrine of issue preclusion, traditionally termed collateral estoppel, applies in dischargeability proceedings. *In re Muhs*, 923 F.3d 377, 385 (4th Cir. 2019) (*citing Grogan v. Garner*, 498 U.S. 279, 284 & n. 11 (1991). Meaning that the bankruptcy court must give the prior court's judgment "the same [issue] preclusive effect as would be given that judgment under the law of the [jurisdiction] in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Issue preclusion, as applied in Maryland law, provides that "'[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *In re Durant*, 586 B.R. 577, 584 (Bankr. D. Md. 2018) (*quoting Janes v. State*, 711 A.2d 1319, 1324 (Md. 1998)).

Where the prior judgment was obtained by default, the focus of the issue preclusion inquiry is whether the issue was actually litigated. *Id.* at 585. For issue preclusion "to apply, the issue must have been actually litigated and be essential to the judgment." *United Book Press,*

*Inc. v. Maryland Composition Co., Inc.*, 786 A.2d 1, 11 (Md. Spec. App. 2001) (*citing Murray Int'l Freight Corp. v. Graham*, 555 A.2d 502 (Md. 1989). "In determining whether an issue has been actually litigated, courts may look beyond the judgment to examine the pleadings and evidence presented in the prior case." *In re Durant*, 586 B.R. at 585 (*quoting John Crane, Inc. v. Puller*, 899 A.2d 879, 899 (Md. Spec. App. 2006)). Additionally, in nondischargeability proceedings, "where the basis for the nondischargeability of a claim cannot be determined from the record of the state court proceedings, the creditor is entitled to present extrinsic evidence in the bankruptcy court to support a determination that the claim is not dischargeable." *In re Goodwich*, 517 B.R. 572, 583 (Bankr. D. Md. 2014) (*citing Brown v. Felsen*, 442 U.S. at 138–39 (1979).

### III.    *Section 523(a)(2)(A).*

Section 523(a)(2)(A) excepts from discharge any debt for money, property, services or credit to the extent the money, property, services, or credit was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In other words, "Congress excepted from discharge . . . debts in which the debtor used fraudulent means to obtain money, property, services, or credit. *In re Rountree*, 478 F.3d 215, 219 (4th Cir. 2007). As with all exceptions to discharge, the Court must construe sections 523(a)(2)(A) narrowly, "to protect the purpose of providing debtors a fresh start." *In re Rountree*, 478 F.3d at 219.

A creditor asserting a claim under 523(a)(2)(A) bears the burden of proving by a preponderance of evidence the following: "(1) that the defendant made a representation, (2) that the defendant knew at the time the representation was made that it was false, (3) that the defendant made the representation with the intent and purpose of deceiving the plaintiff, (4) that

the plaintiff justifiably relied upon the false representation, and (5) that the plaintiff suffered

damages as a proximate result of the representation." *In re Rixham*, 578 B.R. 287, 307 (Bankr.

D. Md. 2017).

> Under Maryland law, the elements of common law fraud are:
>
> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the
> representation was either known to the defendant or the representation was made
> with reckless indifference to its truth, (3) the misrepresentation was made for the
> purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation
> and had the right to rely on it, and (5) the plaintiff suffered compensable injury as
> a result of the misrepresentation.

*State Constr. Corp. v. Slone Associates, Inc.*, 385 F. Supp. 3d 449, 469 (D. Md. 2019) (*quoting*

*Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276, 292 (2005).

In reviewing the Judgment, the Court finds that it is ambiguous as to whether the state

court ruled in Plaintiff's favor on the issue of fraud.  In the Judgment, the state court entered

"judgment on the complaint" in favor of Plaintiff but did not identify the causes of action on

which it was rendering its judgment.  From the face of the Judgment, it is clear that the state

court awarded only compensatory damages and denied Plaintiff's requests for attorney fees and

punitive damages.  Based thereon, a finding of fraud was not essential to the Judgment.  The

matter becomes clearer when the Court looks beyond the face of the Judgment.  In the damages

hearing, the state court explicitly stated in open court that it was awarding judgment on

Plaintiff's breach of contract claims.  When Plaintiff's counsel lightly inquired into the

opportunity to present evidence to obtain an award on the fraud cause of action, the state court

acknowledged Plaintiff's fraud cause of action and refused counsel's request.  Based on the

foregoing, the issue of fraud was not actually litigated in the state court and a finding of fraud

was not essential to the Judgment. Therefore, this Court is not precluded from deciding the issue

of fraud with respect to Plaintiff's cause of action under 11 U.S.C. § 523(a)(2)(A).

**IV.** *Section 523(a)(4).*

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff did not allege embezzlement or larceny in the State Court Complaint and, likewise, such claims are not at issue in this adversary proceeding. Accordingly, to obtain relief under Section 523(a)(4), Plaintiff "must establish that [Defendants were] acting in a fiduciary capacity. . . [and] that while acting in that capacity [they] committed a fraud or defalcation." *In re Kelley*, 948 F.2d 1281 (4th Cir. 1991) (unpublished). "[T]he issue of whether the debtor was acting in a fiduciary capacity is ultimately a federal question." *In re Heilman*, 241 B.R. 137, 158 (Bankr. D. Md. 1999) (*citing In re Lang*, 108 B.R. 586 (Bankr. N.D. Ohio 1989)). The term "fiduciary capacity" is strictly construed for the purposes of Section 523(a)(4), such that "[t]he necessary relationship must arise from a preexisting express or technical trust. That is, '[i]t is not enough that by the very [alleged] act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio*. He must have been a trustee before the wrong and without reference thereto.'" *In re Kelley*, 948 F.2d 1281 (4th Cir. 1991) (unpublished) (*quoting Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934)).

Plaintiff did not allege the existence of an express or technical trust in the State Court Complaint. Instead, Plaintiff alleged in the State Court Complaint the existence of an informal relationship of trust between the parties, which clearly does not qualify as a fiduciary relationship as the term is used in Section 523(a)(4). For the reasons stated above, the finding of an express or technical trust was not essential to the Judgment and the Judgment has no collateral estoppel effect on Plaintiff's claim for nondischargeability under Section 523(a)(4).

**V.** *Conclusion*

Based on the foregoing, the Court reaffirms its denial of Plaintiff's Motion for Summary Judgment and finds and concludes that the Motion to Reconsider should be denied.  For the same reasons, the Court denies Plaintiff's request for alternative relief.  The Court will enter an order consistent with this Memorandum Opinion.

cc:      All parties.

**End of Order**